25-1026-cv
Gopal v. Univ. of Conn.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand twenty-six.

PRESENT:  RAYMOND J. LOHIER, JR.,
           *Chief Judge,*
          BARRINGTON D. PARKER,
          DENNY CHIN,
           *Circuit Judges.*

-----------------------------------------------------------------

RAM D. GOPAL,

     *Plaintiff-Appellant,*

    v.                                     No. 25-1026-cv

UNIVERSITY OF CONNECTICUT,
SUSAN HERBST, CRAIG
KENNEDY, JOHN ELLIOT, BRUCE
GELSTON, STEPHANIE REITZ,

     *Defendants-Appellees.*

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:     JAMES S. BREWER, Law Offices of James S. Brewer, Berlin, CT

FOR DEFENDANTS-APPELLEES:     LAURA VITALE, Assistant Attorney General, *for* William Tong, Attorney General of the State of Connecticut, Hartford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Omar A. Williams, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Ram D. Gopal appeals from the March 31, 2025 judgment of the United States District Court for the District of Connecticut (Williams, *J.*) granting summary judgment in favor of the University of Connecticut ("UConn") and university officials Susan Herbst, Craig Kennedy, John Elliot, Bruce Gelston, and Stephanie Reitz (collectively, the "Defendants") on his race discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and his Fourteenth Amendment equal protection claim under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Where, as here, only circumstantial evidence of discriminatory intent is available, we analyze both Title VII and § 1983 claims under the familiar *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973); *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015). Under that framework, a plaintiff must first make out a *prima facie* showing of discrimination by establishing that: (1) he is a member of a protected class; (2) he is qualified for his position; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *Banks v. Gen. Motors, LLC*, 81 F.4th 242, 270 (2d Cir. 2023). Upon a *prima facie* showing, the burden then shifts to the employer to proffer a legitimate, non-discriminatory reason for the adverse employment action. *Id.* If the employer does so, the employee may defeat summary judgment only by pointing to record evidence that would permit a rational fact-finder to infer that the employer's proffered reason was a pretext for discrimination. *See id.* at 270–71.

Gopal argues that he suffered an adverse employment action because he was constructively discharged following his placement on administrative leave and UConn's investigation into his conduct. Even assuming without deciding that Gopal's resignation constituted a constructive discharge, the record does not

3

support an inference that he was discharged because of his race. *See Chertkova v. Connecticut Gen. Life Ins. Co.*, 92 F.3d 81, 89–91 (2d Cir. 1996). UConn investigated allegations that Gopal misused state funds and violated university policies governing amorous relationships, business travel, and compensatory-time reporting. Nothing in the record before us would permit a reasonable jury to infer that the discharge occurred because of Gopal's race rather than the results of UConn's investigation of his alleged misconduct.

And assuming even further that Gopal had established a *prima facie* case of discrimination, we agree with the District Court that he failed to carry his burden by adducing admissible evidence that the Defendants' proffered reasons for placing him on administrative leave and recommending his termination were pretextual. Gopal principally argues that other employees involved in approving compensatory-time payments and travel reimbursements were not similarly disciplined. *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 567–68 (2d Cir. 2000), *superseded on other grounds by* N.Y.C. Local L. No. 85. But Gopal fails to demonstrate that he and the other employees to whom he points us were "similarly situated in all material respects." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (citation modified). According to the record, none of the

4

comparators engaged in "comparable conduct" of "comparable seriousness," such as an undisclosed amorous relationship with a subordinate combined with the misuse of university funds. *See id.* at 40. Nor does the remaining alleged comparator Joseph Reynolds, a white adjunct professor accused of sexual harassment yet permitted to resign in good standing, help support Gopal's claim. To the contrary, the summary judgment record reflects that Reynolds was an adjunct professor, while Gopal was a department head; and in any event, UConn investigated Gopal and Reynolds in a similar way for violating the university's amorous relationships policy and placed both on administrative leave. That Reynolds resigned shortly thereafter and declined to pursue the disciplinary-appeal process does not remotely suggest that UConn enforced its policies against Gopal because of his race rather than his misconduct. *See Cruz*, 202 F.3d at 568.

Because Gopal failed to adduce any admissible evidence that could permit a reasonable juror to conclude that "the employer's stated reason was pretext for discrimination," or that race was "a motivating factor," *Bart v. Golub Corp.*, 96 F.4th 566, 570 (2d Cir. 2024), we affirm the District Court's grant of summary judgment on his Title VII claim in favor of Defendants. For substantially the

5

same reasons, we also affirm the District Court's grant of summary judgment on Gopal's equal protection claim under § 1983.  *See Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004) (explaining that when a plaintiff's equal protection claim mirrors his Title VII claim, "the two must stand or fall together," given their shared elements).

## CONCLUSION

We have considered Gopal's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court